# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GHASSAN SALIM SARDY,

        Defendant-Appellant.

FOR PUBLICATION
December 29, 2015

No. 319227
Oakland Circuit Court
LC No. 2013-244734-FH

---

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

STEPHENS, J. *(concurring)*

I write separately to address two points of the analysis of the majority. The first point regards the equivocation as to whether the failure to object to the victim's testimony at the preliminary examination resulted in a waiver or forfeiture. I believe it was the latter. *People v Carter*, 462 Mich 206; 612 NW2d 144 (2000), clarified and gave direction to the courts of this state that waiver requires positive action or words while forfeiture results from incomplete or ineffective action or from complete inaction. In this case, defense counsel, albeit for reasons of inadvertence, strategy or courtesy failed to object to the admission of the unsworn testimony at the preliminary examination.

The second point addresses the ramifications of the forfeited error. I disagree with the majority that the forfeited error in this case was not structural. When our Supreme Court in *People v Cain*, 498 Mich 108, 117, n 4; 869 NW2d 829 (2015), described the gravitas of the class of trial error which could be labeled as structural they offered a list of errors that had historically been placed within that class. They did not assert that the list was exhaustive. An examination of the historical list is instructive, however. It included items that affront our essential concept of system integrity-a biased judge, absence of counsel, and imposition of counsel when the defendant desires to self-represent. When the Supreme Court of Kentucky, in *Peak v Commonwealth*, 197 SW3d 536 (2006), determined that the failure to administer an oath to a witness was not structural, it offered neither analysis nor reasoning and merely announced its conclusion noting contrary federal authority. The concept that defendants should only be found guilty of crimes based upon the testimony of persons to whom some oath has been given is fundamental to our system of jurisprudence. The oath not only impresses the witness with the obligation to be truthful, but imposes grave penalty for a willful untruth. The oath serves to ungird public confidence in the integrity of our judicial system much in the way the promise of

an unbiased judiciary and a jury of peers does.  That said, as the majority notes, not all structural errors demand reversal.  I concur with the majority's conclusion that reversal is not warranted in this case.

/s/ Cynthia Diane Stephens